DECIDED JANUARY 31, 1945.

*Osgood O. Williams,* for plaintiff in error.

*J. A. Mitchell,* contra.

SUTTON, P. J. F. G. Mitchell Sr. brought suit in Taliaferro superior court against J. Russell Taylor for injunction, receivership, and accounting, and alleged that he and the defendant entered into a copartnership for the purpose of cutting a right of way for a railroad company. The plaintiff further alleged: " (3) That said Taylor being unable to provide the necessary funds or money to begin the operations, petitioner as a part of the obligations resting upon him as copartner signed a joint promissory note to The Peoples Bank of Crawfordville, Ga., for the sum of $1000 in the month of July, 1943, to enable the operations to begin with the said Taylor. (4) That a certain Ford truck, . . . which was purchased by petitioner and delivered over to said copartnership, and paid for out of the funds of the said copartnership, is now the property of the said Taylor and petitioner, since the said Taylor has elected to discontinue the said copartnership. That the value of the same is $400, and that the interest of each is one half. (5) That said Taylor has taken possession of the records of the said copartnership, and refuses to account to petitioner or in any wise advise petitioner of the status of the copartnership. (6) That said Taylor is insolvent. (7) That petitioner believes that an accounting of the affairs of the erstwhile copartnership will disclose that the said Taylor is indebted to petitioner in the sum of one hundred [dollars] or other large sum, in addition to the interest of petitioner in said truck. (8) That said Taylor claims that petitioner is without any right in any sum as fruit of said enterprise or of any interest in the said truck." A temporary restraining order was granted. Later the judge dissolved the restraining order previously granted and refused the appointment of a receiver.

The defendant in his answer denied the existence of the alleged partnership and all the above-quoted paragraphs of the petition,

with the exception of paragraph 8, and in answer thereto he alleged: "Defendant admits in answer to paragraph 8 that petitioner is without any right to any sum or of any interest in said truck, but denies that petitioner and your defendant entered into a co-partnership for the cutting of a right of way for a railroad company." He filed the following amendment to his plea: "That if there was ever an agreement entered into to create a partnership for the cutting of said right of way, same was abandoned and dissolved by F. G. Mitchell Sr., because of his conduct and failure to carry out [the] agreement entered into."

The case was tried and the jury returned the following verdict: "We, the jury, find verdict in favor of plaintiff, the sum of (200) two hundred dollars, and we recommend that they share equally in costs of court. August 29, 1944." The defendant filed a motion for new trial, which was overruled and the case is here on the general grounds. The question for determination is whether the verdict was authorized by the evidence.

The testimony of the plaintiff was to the effect that he and Taylor entered into a partnership for cutting a railroad right of way, and that he was to share equally with Taylor in any profits or losses that might arise out of the contract of cutting the right of way entered into individually by Taylor; that by virtue of his own endorsement with Taylor, $1000 was borrowed from The Peoples Bank of Crawfordville, to be used in defraying the costs of the enterprise; that he purchased a truck with his own money in the sum of $350 or $400 prior to the cutting of the right of way which was used by Taylor in the performance of the railroad contract; that the partnership reimbursed him for the cost of the truck; that certain sums from the $1000 borrowed were used in defraying the expenses of cutting the right of way, and upon completion of the contract with the railroad company, the truck, according to the defendant's admissions to him, or the value thereof, was left clear above the cost of operations, and that under the alleged partnership agreement he was entitled to a half interest in the truck, or the value thereof; that he was to furnish and did furnish certain labor and a foreman to assist in cutting the right of way; that the defendant discharged the labor as unsatisfactory and refused to accept the services of the foreman proffered, on the ground that the wages asked were too high; that Taylor performed

his contract with the railroad and received pay therefor, and that he himself never received any of the proceeds arising from the contract performed for the railroad; that Taylor sold or disposed of the truck without accounting to him for a half interest therein.

The defendant offered evidence in support of his defense to the effect: that under the alleged partnership agreement, on account of his broken leg, he was unable to engage actively in doing the work called for by his contract with the railroad; that Mitchell was to furnish certain labor and a foreman and that they were to share equally in the profits and losses; that Mitchell failed to furnish the labor and the foreman, and that he was forced to procure labor from Warren County and to supply a foreman in order to execute the contract with the railroad company within a certain period of time or else sustain loss. He admitted that he had disposed of the truck; that he kept no books, and did not know whether the truck was clear of the cost of operations in the performance of his contract; that Mitchell rendered no service in the execution of his contract with the railroad company; that Mitchell had not lost any money on the contract, and therefore was not due anything under the alleged partnership agreement; and that the plaintiff by his "misconduct" had dissolved the partnership. He denied it was necessary for the partnership to borrow the money from The Peoples Bank, or that the plaintiff's endorsement on the note was essential in securing funds for the business, and offered evidence that he borrowed $1000 during the period of cutting the right of way from the Farmers Bank of Union Point to cover the costs of operations, which he himself paid, and that he discharged the joint obligation at The Peoples Bank from the loan he negotiated with the Farmers Bank.

No damage or loss is alleged or proved by the defendant on the alleged misconduct of the plaintiff in failing to fulfill his part of the contract. The evidence does not disclose the cost of operations; and while it is true the evidence shows that the plaintiff suffered no financial loss, nevertheless, it was a business venture in which loss was likely to occur to either party; and, though conflicting, the evidence, authorized the verdict in favor of the plaintiff, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*